**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**July 7, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

HADI AHMADI,

    Plaintiff - Appellant,

v.

HYATT REGENCY HOTEL
DENVER,

    Defendant - Appellee.

No. 26-1059
(D.C. No. 1:25-CV-00065-RMR-CYC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

This case involves the termination of Mr. Hadi Ahmadi's

employment at Hyatt Regency Hotel Denver. After he was fired, Mr.

Ahmadi sued Hyatt under federal and state law for wrongful termination,

discrimination, and retaliation. Hyatt moved to dismiss, and a magistrate

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the briefing. _See_ Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

judge recommended dismissal. Mr. Amadi did not object and the district judge adopted the recommendation, dismissing the federal claims with prejudice and the state claims without prejudice.

On appeal, Mr. Ahmadi urges us to excuse his failure to object to the magistrate judge's recommendation on grounds that he acted in good faith, is proceeding pro se, doesn't understand English well, and didn't understand the need to object. We reject these arguments.

We have adopted a *firm waiver rule*, which generally waives appellate review if a litigant fails to object to a magistrate judge's recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). The firm waiver rule applies to pro se parties unless: (1) they have not been informed of the time period to object and the consequences of failure to object or (2) the "interests of justice" require review. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Mr. Ahmadi has not justified either exception.

Mr. Ahmadi argues that he did not understand that he needed to timely object to the magistrate's recommendation, but he lacks any evidence supporting his argument. Roughly seven months earlier, Mr. Ahmadi had objected to another recommendation by the magistrate judge, citing the pertinent federal rules and statute governing objections to the magistrate judge's recommendation. R. at 207–08. That objection shows

2

Mr. Ahmadi's understanding of the need to object when disagreeing with a recommendation or motion.

Mr. Ahmadi also points out that courts must liberally construe pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction applies to documents that are filed, s*ee id.,* and Mr. Ahmadi never objected to the magistrate judge's recommendation. So there was no document for the district judge to liberally construe.

Mr. Ahmadi's problem didn't involve what he said; his problem involved noncompliance with a procedural requirement. And pro se parties must comply with the same procedural rules applicable to other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Ahmadi also fails to justify the interests-of-justice exception. In assessing this exception, we apply the plain-error standard. *Wahpekeche v. Pettigrew*, 169 F.4th 1176, 1184 (10th Cir. 2026). Under this standard, Mr. Ahmadi must prove not only that the magistrate judge had erred in recommending dismissal of his claims but also that the error would be clear or obvious. *See United States v. B.N.M.*, 107 F.4th 1152, 1169–70 (10th Cir. 2024). But in his appellate brief, Mr. Ahmadi doesn't challenge the magistrate judge's reasoning. So we reject his arguments as to the exception for the interests of justice. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are

deemed abandoned or waived." (internal quotation marks omitted)); *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) (affirming the dismissal of a claim when the appellant's opening brief failed to address the basis for the district court's ruling).

Because the exceptions to the firm waiver rule don't apply, Mr. Ahmadi has waived appellate review by failing to object to the magistrate judge's recommendation. In light of this waiver, we affirm the dismissal.[1]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] We grant Mr. Ahamdi's motion for leave to proceed in forma pauperis.